UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTERN SLOPE,

       Plaintiff,                     Case No. 19-12509
                                             Honorable Victoria A. Roberts

v.

VIET DOC NGUYEN, ET AL.,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT (ECF No. 59)

### I.    INTRODUCTION

Western Slope seeks damages arising from Defendants' failure to pay for toxicology screening and testing services Western Slope rendered.

Before the Court is Western Slope's amended motion for default judgment against Hal Wes LLC d/b/a Logix Diagnostic Labs; MD Labs LLC d/b/a Logix Diagnostic Labs; Total Path Lab LLC; Rectified Laboratory LLC; and Eastern Community Lab LLC (collectively "Defendants").

Defendants did not respond to the amended motion for default judgment.

Western Slope is entitled to default judgment.

1

## II.     BACKGROUND

Western Slope's complaint arises from a services agreement between it and Defendants in which Western Slope was to provide Defendants with toxicology screening and other testing services in exchange for payment. Western Slope rendered $785,490.00 worth of services without payment.

The Court granted a motion for summary judgment filed by some of the original defendants – Viet Doc Nguyen; Southeast Texas Medical Ventures LLC; Medical Enterprises Management LLC; Bel Wes Management LLC; and Reliable Laboratory LLC.  (ECF No. 44).  Five Defendants remain.

Counsel for Defendants filed a motion to withdraw due to a breakdown in communication and Defendants' failure to pay attorney fees.  (ECF No. 45).  On March 21, 2022, the Court granted the motion to withdraw.  (ECF No. 46).  In its order, the Court gave Defendants until April 19, 2022 to retain new counsel or be subject to default.  They did not retain new counsel.

On April 26, 2022, the Court held a status conference.  No one appeared for Defendants.

The Clerk of the Court entered default against Defendants on May 2, 2022. (ECF No. 48-52).

### III. LEGAL STANDARD

Default judgments are governed by Fed. R. Civ. P. 55. Pursuant to Rule 55(b), the Court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action. To obtain a judgment by default, the moving party must first request the Clerk of the Court to enter a default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986).

Upon entry of a default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross,* 441 F.Supp.2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty,* 661 F.2d 119, 124 (6th Cir. 1981)). A default judgment on well-pled allegations only establishes a defendant's liability; the plaintiff must still establish the extent of damages. *RQSI Global Asset Allocation Master Fund, Ltd. v. APERCU International PR LLC,* 2019 WL 1922052, at *4 (internal citations omitted).

## IV. ANALYSIS

### a. Western Slope is Entitled to a Default Judgment

The Clerk of the Court entered default against Defendants on May 2, 2022. (ECF No. 48-52). Defendants have neither made a request to set aside the default nor responded to Western Slope's amended motion.

Upon entry of default by the Clerk of the Court, the well-pled factual allegations in the complaint are deemed admitted. *Ford Motor Co. v. Cross,* 441 F.Supp.2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty,* 661 F.2d 119, 124 (6th Cir. 1981)). As such, the Court finds that Western Slope's amended complaint sufficiently alleges facts to support its claims of breach of contract, account stated, unjust enrichment, and common enterprise liability.

### b. Western Slope is Entitled to Damages

Western Slope seeks default judgment in the amount of $1,466,302.42. (ECF No. 59, PageID.708). The total amount is comprised of $785,490.00 for unpaid services; interest in the amount of $656,787.15; costs in the amount of $558.77; and attorney fees in the amount of $23,466.50.

Although Defendants' liability is no longer in dispute, the Court must determine the amount of damages with reasonable certainty. *Vesligaj v. Peterson,* 331 F.App'x. 351, 355 (6th Cir. 2009). The Court may determine damages either by an evidentiary hearing or by affidavit and/or documentary evidence. *Scott v. Equifax Information Services, LLC,* No. 19-11646, 2020 WL 1672659, at *2 (E.D. Mich. Apr. 6, 2020).

**1. Damages**

Western Slope says Defendants failed to pay $785,490.00 for services rendered from December 2017 to April 2019. (ECF No. 59, PageID.706). In support of its amended motion, Western Slope included an invoice of the services provided to Defendants. (ECF No. 59, Exhibit A). This invoice is accompanied by a signed affidavit from Andrea Burton – the Director of Administrative Services for Western Slope – that says, among other things, that Defendants are "indebted to Plaintiff in the amount of $780,490.00 plus interest, costs and attorney fees for services rendered by Plaintiff." (ECF No. 59-3, PageID.715, Exhibit C ¶ 4). There is a discrepancy between the invoice amount and the amount stated in the affidavit. The Court will rely on the invoice calculations of $785,490.00.

Western Slope seeks $656,787.15 in interest. Attached to Western Slope's amended motion is an invoice that adds simple interest at a monthly rate of 1.5% to the principal balance from December 2017 – April 2019, totaling $656,787.15. (ECF No. 59-4, PageID.717).

Western Slope seeks $558.77 in costs for retaining and using a deposition court reporter in July 2021. In support of this request, Western Slope's counsel attached the invoice it paid for using Renaissance Court Reporting's services. (ECF No. 59-5, PageID.732, Exhibit E).

Finally, Western Slope seeks $23,466.50 in attorney fees. In support of this request, Western Slope attached an affidavit from its lead counsel, Bradley Defone, and an itemized list of attorney hours expended. In his affidavit, Defone says his hourly rate was $430 in 2021 and the hourly rate for the associate that assisted on the matter, Jailah Emerson, was $305. (ECF No. 59-6, PageID.734 ¶ 6-7). Attached to the affidavit is the State Bar of Michigan's Attorney Income and Billing Rate Summary Report. (ECF No. 59-6, PageID.742). According to the affidavit and report, Defone and Emerson's hourly rates are reasonable for attorneys in their community. Between Defone and Emerson, they billed a total of 70.40 hours at their respective billing rates. (ECF No. 59-6, PageID.740).

Western Slope's affidavits, invoices, and calculations are sufficient documentary evidence to determine a sum certain for damages, interest, costs, and attorney fees owed.  The amount owed is $1,466,302.42.

## V.     CONCLUSION

The Court **GRANTS** Western Slope's amended motion for default judgment.

Western Slope demonstrates that it is entitled to judgment in the amount of $1,466,302.42 for damages, interest, costs, and attorney fees.

**IT IS ORDERED.**

                                             s/ Victoria A. Roberts
                                             Victoria A. Roberts
                                             United States District Court Judge

Dated:  August 15, 2022